# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOFI FEDERAL BANK, a federal savings bank,<br><br>　　　　　　　　　　Petitioner,<br><br>　　vs.<br><br>VERONICA GOLUB, an individual,<br><br>　　　　　　　　　　Respondent. | CASE NO. 18cv816-LAB (JMA)<br><br>**ORDER DISMISSING CASE** |

Following an arbitration between the parties, Petitioner BofI Federal Bank and Respondent Veronica Golub filed cross-motions to confirm and vacate the arbitration award, respectively. Because the Federal Arbitration Act (FAA) does not independently confer jurisdiction and because the parties had not adequately pled any other jurisdictional basis that would permit the Court to rule on the motions, the Court ordered the parties to show cause why the case shouldn't be dismissed for lack of subject matter jurisdiction. *See* Dkt. 24. The parties have now responded. For its part, BofI informed the Court that it did not intend to respond to the order to show cause, which the Court construes as consent to the case being dismissed. *See* Dkt. 29. Golub, however, argues this Court has jurisdiction because (1) she was denied a fair arbitral hearing, and (2) the award was in manifest disregard of federal law. *See* Dkt. 28. For the reasons below, the Court rejects those arguments and dismisses the action.

The FAA does not confer subject matter jurisdiction, so a federal court has power to enter judgment on an arbitration award only if an independent basis for federal jurisdiction exists. *See Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 970 (9th Cir. 1981). The parties concede they are not diverse, so the only possible basis for jurisdiction is if this case presents a federal question. As the Ninth Circuit has recognized, though, showing that an arbitration award gives rise to a federal question is no simple task. For example, "the presence of federal questions in an underlying arbitration is insufficient to provide an independent basis for federal question jurisdiction to review an arbitration award under the FAA." *Carter v. Health Net of Cal.*, 374 F.3d 830, 836 (9th Cir. 2004). Federal question jurisdiction to enforce or vacate an arbitration award exists only when "'ultimate disposition of the matter by the federal court necessarily depends on resolution of a substantial question of federal law,' such as when the petition primarily asserts as grounds for vacatur the arbitrator's manifest disregard of federal law." *Id.* (quoting *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1112 (9th Cir. 2004).

Golub's first argument is that the Court has jurisdiction to vacate the arbitral award because she was denied a fundamentally fair arbitral hearing. *See* Dkt. 28 at 3. The gist of her argument is that BofI refused to produce necessary documents and the arbitrator failed to compel production of those documents, thus denying her a fair opportunity to present her case. That may be true, but it doesn't raise a "substantial question of federal law." *Id.* Golub relies on two cases—*Carpenters 46 v. Zcon Builders*, 96 F.3d 410 (9th Cir. 1996) and *Sunshine Mining Company v. United Steelworkers*, 823 F.2d 1289 (9th Cir. 1987)—to argue that the Court has jurisdiction to vacate an award where a party is denied a fundamentally fair hearing. In both of those cases, though, there was an independent basis for jurisdiction apart from the petitioner's argument that he or she was denied a fair hearing. Indeed, because one party almost always leaves an arbitration dissatisfied with the result, if a "fair hearing" argument were sufficient to grant jurisdiction, federal courts would never lack jurisdiction to hear motions to vacate an arbitration award—the dissatisfied party could simply argue the hearing wasn't fair. That's not the

law, so the Court rejects Golub's argument. There's no reason a state court can't determine whether the hearing was conducted fairly.

Golub's second argument is that the award was rendered in "manifest disregard of federal law" because the arbitrator failed to rule on Golub's motion to compel BofI's production of documents. *See* Dkt. 28 at 4. It is true that manifest disregard of federal law in an arbitration can give rise to federal question jurisdiction, but that's not the case here. Golub says the parties agreed the arbitration would be conducted in accordance with the Federal Rules of Civil Procedure, and that the arbitrator's failure to compel BofI's production of documents violated the Federal Rules. The Court is aware of no case (and Golub has not provided one) stating that failure to follow federal procedure in an arbitration can give rise to federal question jurisdiction. The leading cases on the subject involve manifest disregard of federal *substantive* law, such as ERISA or the Americans with Disabilities Act. And even in those cases where the arbitrator manifestly disregarded federal *substantive* law, courts are reluctant to find jurisdiction. *See Carter*, 374 F.3d at 839 (finding no federal question jurisdiction where petitioners argued the arbitrator manifestly disregarded ERISA); *Luong*, 368 F.3d at 1112 (finding no federal question jurisdiction where petitioners argued the arbitrator manifestly disregarded the ADA). The Ninth Circuit is clear that the question of federal law giving rise to jurisdiction must be "substantial." *See Carter*, 374 F.3d at 836. The Court declines to find that a violation of arbitral procedure, even where that procedure is ostensibly tethered to the Federal Rules of Civil Procedure, constitutes a "substantial question of federal law." *Id.*

For these reasons, this Court lacks jurisdiction to enforce or vacate the arbitral award. This case is **DISMISSED WITHOUT PREJUDICE**. The parties may re-file their petitions in a court where jurisdiction is proper. The clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: November 8, 2018

**HONORABLE LARRY ALAN BURNS**
United States District Judge